2025 IL App (1st) 240330-U

No. 1-24-0330

Order filed October 10, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KENT LUCKETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 50396 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, the Director of | ) | |
| Employment Security, and the Board of Review, | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees). | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order upholding the Board of Review's finding that
plaintiff failed to timely appeal the denial of his claim for unemployment benefits.

¶ 2    Plaintiff Kent Luckett appeals *pro se* from the circuit court's order affirming the Board of Review's (Board) dismissal of his untimely filed appeal from the Department of Employment Security's (Department) determination that he was ineligible for unemployment benefits. Plaintiff contends he should have been allowed to file his appeal late. We affirm.

¶ 3    Plaintiff began working as a truck driver for the City of Chicago in 2007. In April 2022, the City placed him on "no-pay" status after he failed to comply with its COVID-19 vaccination policy, which required employees to either be fully vaccinated or to undergo regular testing.

¶ 4    On September 25, 2022, plaintiff filed a claim for unemployment benefits. The City objected, arguing plaintiff voluntarily "quit" because he could have chosen to comply with the vaccination policy and return to work. After contacting plaintiff and the City separately, a Department claims adjudicator found plaintiff voluntarily left his job by failing to undergo testing or to report his vaccination status and, as a result, he was ineligible for unemployment benefits.

¶ 5    The Department mailed its determination to plaintiff on November 4, 2022. The letter informed plaintiff that if he disagreed with the determination, he could request "reconsideration/appeal" by mail or fax within 30 calendar days from the date the decision was mailed. Plaintiff faxed a letter requesting reconsideration/appeal on March 20, 2023. He attached a letter stating that on December 7, 2022, the City notified him he was discharged, and "[c]ome next month, it will be a year since I have received a paycheck from the city."

¶ 6    A referee conducted a hearing via telephone on April 19, 2023. Plaintiff, a City representative, and two City witnesses participated in the call. At the hearing, plaintiff confirmed that the address to which the Department mailed its determination was correct. The referee asked him whether he received the November 4, 2022, determination letter. Plaintiff responded that he

was "driving now" and did not recall "reading the paperwork." He asked the referee what the determination stated. The referee read him the determination, and plaintiff stated he recalled receiving the letter.

¶ 7    The referee asked plaintiff why he did not file his appeal until March 20, 2023. Plaintiff responded that he did not appeal sooner because his union and the City were still discussing whether he would be discharged after being placed on no-pay status. He said that if he were returning to work, he would not need unemployment benefits.

¶ 8    The referee stated that plaintiff's reason did not excuse his missing the 30-day deadline to appeal and, as a result, the referee lacked jurisdiction to consider the appeal. The following day, the referee issued a written decision dismissing the appeal, stating that while plaintiff "offered a reasonable business explanation" for failing to meet the 30-day deadline, it was not a legally recognized excuse for the untimely filing.

¶ 9    Plaintiff then filed an administrative appeal to the Board, attaching a letter describing his attempts to qualify for an exemption from the City's vaccination requirement and various documents supporting his narrative. From our record, it is unclear whether plaintiff presented the supporting documents to the referee or submitted them for the first time to the Board.

¶ 10    The Board affirmed the referee's dismissal, finding that the Department's determination was mailed to plaintiff's correct address on November 4, 2022, plaintiff's appeal was due December 5, 2022, and plaintiff did not file his appeal until March 20, 2023. The Board noted that section 800 of the Unemployment Insurance Act (Act) limited the referee's jurisdiction to appeals filed within 30 days of an ineligibility determination. See 820 ILCS 405/800 (West 2022). It further

cited *Hernandez v. Department of Labor*, 83 Ill. 2d 512, 517 (1981), in which our supreme court held section 800's time limitation is mandatory.

¶ 11     Plaintiff filed a *pro se* complaint for administrative review in the circuit court. The circuit court affirmed the Board's decision, explaining in a written order that the Act's 30-day deadline is a "mandatory provision" that limits the Department's jurisdiction.

¶ 12     Plaintiff appeals *pro se*, arguing that, because he was unaware of his rights under the Act, he should have been allowed to file his appeal up to a year late.

¶ 13     The Act provides that unless a claimant files an appeal from a claims adjudicator's determination within 30 calendar days of the date the determination is mailed to his last known address, the determination "shall be final." 820 ILCS 405/800 (West 2022). Section 800 "is a mandatory provision that acts as a statute of limitations." *Maskevich v. Illinois Department of Employment Security*, 2022 IL App (1st) 210779, ¶ 20. The Board lacks jurisdiction to hear an appeal filed after the 30-day deadline expires. *Id.* ¶¶ 20-21. The Act does not allow late filings for excusable neglect or for good cause. *Hernandez*, 83 Ill. 2d at 519.

¶ 14     Where the operative facts are not in dispute, we review the Board's determination that a claimant's appeal was untimely filed *de novo*. See *Maskevich*, 2022 IL App (1st) 210779, ¶¶ 17-18.

¶ 15     Here, the record shows—and neither party disputes—that the Department mailed its determination to plaintiff's correct address on November 4, 2022, and plaintiff did not file his appeal until March 20, 2023, which was 136 days later. The Board thus correctly determined that plaintiff's appeal was filed well after the 30-day deadline and, as a result, the referee lacked jurisdiction to consider it. See *id.* ¶¶ 20-21.

¶ 16 Plaintiff cites sections of the Act (820 ILCS 405/500A-B (West 2022)) and the Illinois Administrative Code (56 Ill. Adm. Code 2720.120(b)(1) (eff. May 14, 2019)) for the proposition that the Department will process a claim "file[d] more than two weeks late but less than one year late" if the claimant shows his "unawareness of his rights under the Act." The cited provisions are inapposite, however, as the first discusses general eligibility requirements for unemployment benefits (820 ILCS 405/500) and the second describes circumstances in which the Department will process a late-filed claim certification for continued benefits (56 Ill. Adm. Code 2720.120(b)). Neither provision addresses the deadline to file an appeal from an ineligibility determination. Accordingly, neither provision can excuse defendant's late-filed appeal where, as discussed, the statutory 30-day deadline is mandatory and jurisdictional. See *Maskevich*, 2022 IL App (1st) 210779, ¶¶ 20-21.

¶ 17 For this reason, we affirm the order of the circuit court upholding the Board's decision.

¶ 18 Affirmed.